FILED
2014 Jul-01 PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM C. COLEMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:11-CV-01345-VEH** |
| | ) | |
| **KENNETH JONES and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,** | ) | |
| | ) | |
| **Respondents** | ) | |

---

**MEMORANDUM OPINION**

On May 21, 2014, the magistrate judge entered a Report and Recommendation (doc. 21), recommending Petitioner's motion for review and decision be deemed moot and the petition for writ of habeas corpus be dismissed with prejudice. Petitioner has filed objections. (Doc. 24). Petitioner is proceeding *pro se*.

**SUMMARY PROCEDURAL HISTORY**

The undersigned will not set out anew the procedural history, as it is set out in some detail in the Report and Recommendation, and the Petitioner has not objected to that part of the Report and Recommendation.[1] For the reader's convenience, however,

[1] Accordingly, the court adopts by reference the Procedural History as set out in the Report and Recommendation.

the court points out a few procedural facts here. On April 7, 2008, Petitioner pled guilty to one count of first-degree rape, one count of first-degree sodomy, and two counts of first-degree sexual abuse. He was sentenced to two terms of twenty years and two terms of ten years in the state penitentiary, with the sentences to run concurrently to each other. Petitioner contends that his guilty pleas were involuntarily entered because he received ineffective assistance of trial counsel. Specifically, Petitioner contends that his trial counsel, Chris Christ, represented to him that he would "possibly" serve only one-third of his sentence because he would be eligible for parole after that length of time, that he could get work release, and that he would be able to have conjugal visits with his wife. Petitioner contends that he would not have plead guilty but for these representations by Mr. Christ. However, each of the offenses that Petitioner pled guilty to was a criminal sex offense involving a child. Therefore, he would never be eligible for parole. After an evidentiary hearing on Petitioner's Rule 32 motion, the trial credited the sworn testimony of Mr. Christ and his associated trial counsel, Steven Mezrano[2] and the portions of Petitioner's testimony that the trial court found to be consistent with the sworn testimony of Messers Christ and Mezrano. The trial court determined that the alleged misrepresentations had not been made by either attorney

[2] Mr. Mezrano's name is sometimes spelled Mesrano in the exhibits; however, the undersigned adopts the spelling utilized by the Court of Criminal Appeals.

and accordingly found that Petitioner's Rule 32 motion should be denied. The Court of Criminal Appeals affirmed and the Supreme Court of Alabama denied certiorari. This Petition follows.[3]

## STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge must review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994). That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."

---

[3] There is no challenge to the timeliness of the Petition.

*United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (emphasis in original) (citations omitted).

**OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Petitioner's objections are clearly presented. They are based upon his argument that "the Alabama Court of Criminal Appeals' adjudication of his claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state [trial] court proceedings. 28 U.S.C. § 2254(d)(2)." (Doc. 24 at p. 1; *see also id*. at p. 2 ("The state courts seem to be giving greater credence to the testimony of Christ and Mezrano regarding statements about parole and work release, than is given to [Petitioner's] testimony which is substantiated by affidavits from [Petitioner and his] wife."); *id*. ("The court's selective utilization of sworn testimony, while ignoring evidence in the form of sworn affidavits, resulted in a decision that was based on an unreasonable determination of facts...."); *id*. at p. 3 ("the [trial] court erred in not considering all testimony...."); *id*. ("[Petitioner's] and Christ's testimonies are diverse of each other, but the court has ignored or dismissed

as untrue, the statements in the affidavits by [Petitioner and his] wife, while selectively citing contradictory and varied testimony by Christ to substantiate a decision that no misrepresentation was made. Said decision was not based on all the facts available in the [trial] court's record."); *id.* at p. 6 ("The state courts' decisions that no misrepresentations were made to [Petitioner by his attorneys, regarding parole, work release, weekend [conjugal] visits, or the length of sentence to be served, could not have been based on equal consideration of all testimony and evidence.")).

## ANALYSIS

The court has considered the entire file in this action, together with the Report and Recommendation and Petitioner's Objections thereto, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Initially, the court notes that, in his Objections, the Petitioner does not dispute any of the facts found by the Magistrate Judge. Rather, he disputes the facts found by the trial judge. However, where testimony is opposed, it is the function of a finder of fact (here, the trial court at the evidentiary hearing) to determine which testimony to accept in whole or in part, and which testimony to reject. That is what the trial court did.

Further, the Petitioner has not argued that the Magistrate Judge applied the

wrong law, or misapplied the law. Rather, the Petitioner's argument is that the Report and Recommendation is wrong because it is based on the erroneous factual findings of the trial judge.

Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Petitioner's claim. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001). Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Further, a state court's factual finding is presumed to be correct. *See* 28 U.S.C. §2254(e); *see also*, *Henderson v. Campbell*, 353 F.3d 880 at 890-91 (11th Cir.2003).

Petitioner has failed to show that the trial court's factual findings, in light of the evidence presented in the State court evidentiary hearing on his Rule 32 motion, was unreasonable. He has argued that the trial court should not have believed the sworn testimony of Messers Christ and Mezrano over his own sworn testimony and the

affidavits of himself and of his wife. He has also argued that it was unreasonable for the trial court to do so.

As the Supreme Court has recognized,

> "[t]he term 'unreasonable' is no doubt difficult to define. That said, it is a common term in the legal world and, accordingly, federal judges are familiar with its meaning.
>
> ***
>
> [However, i]n § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect."

*Williams v. Taylor*, 529 U.S. 362, 410-411, 120 S.Ct. 1495, 1522 (2000). While Petitioner has shown that the trial court *could* have decided the credibility issue differently, he has not shown that the trial court was *unreasonable* in making the credibility determination that it made.

## CONCLUSION

The trial court's fact determinations were not unreasonable. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. Further, Petitioner's Motion requesting review of his petition (doc. 20) is due to be **DENIED** as **MOOT**. A separate Order will be entered.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard. Accordingly, the court will not issue a certificate of appealability.

**DONE** this the 1st day of July, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge