# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 2:11-cv-01345-VEH-JHE |
| ) | |
| KENNETH JONES and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| ALABAMA, ) | |
| ) | |
| Respondents. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 19, 2015, the Eleventh Circuit remanded this case to this Court "for the limited purpose of determining when Coleman first filed a notice of appeal in this action." (Doc. 39). It was further referred to the undersigned magistrate judge for that purpose. (Doc. 40). For the reasons stated below, the undersigned recommends Coleman's notice of appeal be considered filed on July 31, 2014.

### I. Relevant Procedural History

On July 7, 2014, the Court dismissed Coleman's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docs. 26 & 27). On November 5, 2014, the Court received a copy of a letter, dated November 1, 2014, Coleman had sent to the Eleventh Circuit Clerk of Court, referencing a prior notice of appeal Coleman claims he had mailed to that court. (Doc. 28). On December 8, 2014, the Court received a letter directly from Coleman, stating he had sent a timely notice of appeal to the Eleventh Circuit and, believing it should have been sent to this Court under Rule 4(d), Fed. R. App. P., requested an update on the status of the appeal. (Doc. 29). On January 13,

2015, that letter was construed as a notice of appeal, deemed filed on December 8, 2014. (Doc. 31).

Upon remand, the undersigned ordered Coleman to file a declaration under Rule 4(c)(1), FED. R. APP. P., either notarized or in compliance with 28 U.S.C. § 1746, setting forth the date he deposited the notice of appeal in the legal mail and stating whether first-class postage was prepaid. (Doc. 41). Coleman's first response included an "Affidavit of Compliance," which did not comply with Rule 4(c)(1) because it failed to certify that postage was prepaid, and a copy of what Coleman asserted was the original notice of appeal, which was similarly deficient because it was neither notarized nor stated under penalty of perjury in compliance with § 1746. (Docs. 42 & 43). In response to another order to file a compliant declaration, (doc. 44), Coleman filed a "Declaration of Filing of Notice of Appeal," which certified under penalty of perjury that Coleman "placed a document entitled 'Notice of Appeal and Request for a Certificate of Appealability' . . . in the hands of prison authorities for mailing, via United States mail, first-class postage prepaid, by placing same in the Bullock County Correctional Facility prison legal mail box on the 31st day of July, 2014," (doc. 45). In response to an order for rebuttal, (doc. 46), Respondents stated Bullock Correctional Facility "has no system to track outgoing mail" so they could not rebut Coleman's asserted date of mailing, (doc. 47).

## II. Analysis

It is undisputed Coleman placed his notice of appeal in the prison mail on July 31, 2014. (Doc. 45 & 47). However, because Coleman admits he mailed his notice of appeal to the Eleventh Circuit instead of this Court, he seeks not only the benefit of the "prisoner mailbox rule" but also the benefit of the "mistaken filing rule" in Rule 4(d) of the Federal Rules of Appellate Procedure. (Doc. 42 at 2). Under the "mailbox rule,"

> [i]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28

2

> U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

FED. R. APP. P. 4(c)(1).  This rule reflects the holding in *Houston v. Lack*, 487 U.S. 266 (1988). *See* FED. R. APP. P. 4, *Advisory Committee Notes to the 1993 Amendment*.  In that case, the United States Supreme Court held that, because *pro se* prisoners must mail their notices of appeal and necessarily lose control over them at the time of delivery to prison authorities, the policy grounds for the general filing rule are reversed and weigh in favor of applying the mailbox rule to *pro se* prisoners.  *Houston*, 487 U.S. at 275.  The "mistaken filing rule" states that,

> [i]f a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.

Fed. R. App. P. 4(d).

As noted above, Rule 4(c)(1) states a notice of appeal is "timely" if it is deposited in the mail system on or before the last day for filing.  The "prisoner mailbox rule" applies regardless of whether the court actually receives the notice.  *See United States v. Westry*, No. CRIM. 05-00206-WS, 2008 WL 5214269, at *3 (S.D. Ala. Dec. 11, 2008) (citing *Gracey v. United States*, 2005 WL 1006908, *1 (11th Cir. Apr. 29, 2005) ("Furthermore, the mailbox rule applies even when the motion is never received or filed by the court.") (internal quotations and citations omitted); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (where a prisoner's petition is never received by the court, "[w]e hold that *Houston's* rationale applies with equal force in such a case")); *cf.* Fed. R. App. P. 4(c)(1) (requiring only that the notice be placed in the prison mail system by the deadline to be timely).  Nor does the rule require that it be properly addressed to be "timely."

Moreover, Rule 4(d) applies to both prisoners and non-prisoners so it is written from the perspective of the general rule for filing, which, as the *Houston* court noted, is the reverse of a prisoner's, *see* 487 U.S. at 275 ("[W]hereas the general rule has been justified on the ground that a civil litigant who chooses to mail a notice of appeal assumes the risk of untimely delivery and filing, a *pro se* prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk." (internal citations omitted)). Presumably, a notice is considered filed in the district court on the date it is noted received by the clerk of the circuit court because, under the general rule, that is the date it would have been filed in the district court if properly addressed. For a prisoner, that date is, either way, the date it was placed in the prisoner mail system. There is no reason Rules 4(c)(1) and (d) should not operate together. *See also Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (holding there is no reason the "receipt" date in the court of appeals could not be considered the date when the *pro se* prisoner places the notice of appeal in the legal mail system).

### III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** Coleman's notice of appeal be considered filed on the undisputed date it was placed in the prison mail system, July 31, 2014.

### IV. Notice of Right to Object

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

To challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. A copy of the objections must be served upon all other parties to the action.

On receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions. Objections not meeting the foregoing specificity requirement will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to serve a copy of this report and recommendation upon the petitioner and counsel for the respondents.

DONE this 4th day of June 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE